**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 00-4254

DARRYL LAMONTE HERNDON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Samuel G. Wilson, Chief District Judge.
(CR-99-58)

Submitted: September 20, 2000

Decided: October 17, 2000

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stacey Williams Moreau, WILLIAMS, MORRISON, LIGHT &
MOREAU, Danville, Virginia, for Appellant. Craig Jon Jacobsen,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darryl Lamonte Harris appeals from his convictions and sentence on two counts of distributing more than five grams of cocaine base (crack). See 21 U.S.C. § 841(a)(1) (1994). On appeal he alleges that: (1) the district court erroneously denied his motions that the Government struck two jurors in violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) the evidence at trial revealed that he was entrapped as a matter of law; (3) the district court clearly erred by increasing his offense level under U.S. Sentencing Guidelines Manual, § 3C1.1 (1998); and (4) the Government engaged in "sentencing entrapment" and "sentencing manipulation" by having their cooperating buyers request that Harris sell them crack rather than powder cocaine. For the reasons that follow, we affirm.

First, we find that the district court properly conducted a Batson inquiry, at Harris' request, and did not err in determining that Harris failed to show that the Government struck the jurors at issue because of purposeful discrimination. See Purkett v. Elem, 514 U.S. 765, 767-68 (1995); Jones v. Plaster, 57 F.3d 417, 420 (4th Cir. 1995).

Second, an appellate court cannot overturn a jury's rejection of a defendant's entrapment evidence, unless no rational trier of fact could have found that the defendant was predisposed to commit the crime beyond a reasonable doubt. See United States v. Jones, 976 F.2d 176, 180 (4th Cir. 1992). Here, there was ample evidence that Harris was predisposed to commit his drug distribution crimes. Likewise, Harris' clear perjury on the witness stand that he was not actually a drug dealer, gave the district court a proper basis with which to determine that he merited a sentence enhancement for obstruction of justice. See USSG § 3C1.1; United States v. Dunnigan , 507 U.S. 87, 95 (1993).

Finally, this court has declined to recognize claims of "sentence entrapment" and "sentence manipulation" in similar cases and declines to do so in this appeal. See generally United States v. Jones, 18 F.3d 1145, 1152-55 (4th Cir. 1994). Accordingly, we affirm Harris' convictions and sentence. We deny Harris' motion to substitute his attorney. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3